# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **CURTIS HALL** | **CIVIL ACTION NO. 13-535-P** |
| **VERSUS** | **JUDGE WALTER** |
| **JAMES M. LEBLANC, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

Curtis Hall ("Plaintiff") is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He filed this action claiming his civil rights were violated by prison officials. Plaintiff names James M. LeBlanc, the Louisiana Department of Public Safety & Corrections, Jerry Goodwin, Angie Huff, Lonnie Nail, Robert Rachel, Dr. Fuller, Paula M. Millwee, Cathy Smith, Jade Williams, John Martin, Sgt. Long, Captain Mays, and the David Wade Correctional Center as defendants. He claims he slipped and fell on the wet floor and he was denied medical treatment.

Plaintiff filed a motion for preliminary injunction (Doc. 5). He seeks to have the court restrain Defendants from being biased and retaliating against him. In support of his motion, Plaintiff claims Col. Lonnie Nail is a member of the classification review board. He further claims he was retaliated against for filing complaints in the courts and grievances in the administrative remedy procedure. Plaintiff also filed a motion for preliminary injunction and a temporary restraining order (Doc. 13). He seeks to have the court restrain Defendants from unlawfully using gas and/or mace, excessive force, or fabricating disciplinary charges to

harass, retaliate against, or threaten him because he filed this action. In support of his motion, he claims Defendants have retaliated against him for filing grievances in the administrative remedy procedure and complaints in the courts.

>Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:
>
>(b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction, and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion. Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir.1985).

>The allegations in this complaint do not present a substantial threat of irreparable injury absent a restraining order or injunction. The claims are typical prison complaints that are capable of ready resolution through the ordinary litigation process that has now commenced. The claims alleged (if proved) are capable of adequate redress by an award of monetary damages and, if warranted, a post-judgment injunction. The allegations in this motion do not present a substantial likelihood of success on the merits. Plaintiff's claims are

speculative and he has not exhausted his administrative remedies regarding these allegations prior to filing this complaint. The issuance of such extraordinary relief is not appropriate at this time.

Accordingly;

**IT IS RECOMMENDED** that the motion for preliminary injunction (Doc. 5) and the motion for preliminary injunction and temporary restraining order (Doc. 13) be **DENIED.**

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 21 day of January, 2014.

Mark L. Hornsby
U.S. Magistrate Judge